IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. LUIS ARANA SANTIAGO<br><br>PLAINTIFF<br><br>Vs.<br><br>UNIVERSIDAD DE PUERTO RICO EN UTUADO; DR. LUIS TAPIA MALDONADO IN HIS OFFICIAL CAPACITY<br><br>DEFENDANTS | CASE NO. 19-CV-1762 (ADC) |

**MOTION TO DISMISS**

**TO THE HONORABLE COURT**:

COME NOW co-defendants Universidad de Puerto Rico ("UPR") and Dr. Luis Tapia Maldonado ("Dr. Tapia") in his official capacity, through its undersigned legal counsel, and very respectfully states and prays as follows:

**I.   INTRODUCTION**

1. On August 7, 2019, Dr. Luis Arana Santiago ("Dr. Arana"), filed his Complaint. (Dkt. 1.) in the instant case.

2. Plaintiff is a tenured professor at the UPR's Utuado Campus. He claims that the UPR violated his due process rights in connection with a sexual harassment investigation and subsequent disciplinary charges filed against him.

3. Dr. Arana's claims are based on a sexual harassment complaint filed against him by one of his students and the disciplinary process which is pending against him in connection with such allegations.

4. On May 28, 2019, Dr. Arana filed a judicial claim before the Puerto Rico Court of

First Instance, Utuado Superior Part, Case No, UT2019CV00248 in which he made the same claims against the appearing defendants. On August 13, 2019, a Judgment of dismissal with prejudice was issued in said case. In said Judgment, the Court determined that, inasmuch as the administrative process was still pending, Dr. Arana had failed to exhaust administrative remedies[1].

5. Defendants respectfully sustain that Plaintiffs' claims are barred by the doctrine of res judicata and that the Complaint fails to sate a federal claim, inasmuch as Plaintiff has not been deprived of a proprietary interest. Furthermore, defendants respectfully sustain that Dr. Arana's claims are barred because he has failed to exhaust the corresponding administrative remedies.

## II.   MOTION TO DISMISS STANDARD

6. Rule 12(b)6 of the Federal Rules of Civil Procedure provides for a defendant to move for dismissal if a plaintiff has failed to state a claim upon which relief can be granted. Under the applicable standard, this Honorable Court must accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. To that effect, this Honorable Court has declared:

> Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory.

Rojas v. Principi, 326 F. Supp. 2d 267, 271-272 (D.P.R. 2004).

7. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court established that in order to prevail a move for dismissal for failure to state a claim, a complaint must contain factual allegations establishing a **plausible** cause of

---

[1] Arana has failed to inform this Honorable Court of said ruling. However, this Honorable Court may consider matters of public record while resolving a Rule 12(b)(6) motion to dismiss. In re Colonial Mortgage, 324 F.3d 12 (1st Cir. 2003) at 15-16. A copy of the Judgment is attached as Exhibit 1.

action. In discussing Twombly and Iqbal, the First Circuit Court of Appeals stated:

> To provide guidance to lower courts on how best to apply the plausibility requirement of Rule 8(a)(2), the Iqbal Court endorsed a two-pronged approach that it saw as implicit in the Twombly decision. *Id.* at 1950. Under this approach, **a court resolving a Rule 12(b)(6) motion to dismiss should begin by separating a complaint's factual allegations from its legal conclusions**. See *id.* at 1949-50. **Unlike factual allegations, legal conclusions contained within a complaint are not entitled to a presumption of truth**. *Id.* The Iqbal Court pointed to the allegation that the Twombly defendants had "entered into a contract, combination, or conspiracy," which had been **disregarded by the Twombly Court, as an example of a conclusory statement that, though presented as an assertion of fact, simply describes the legal conclusion that the plaintiffs sought to infer from the other conduct alleged in the complaint**. See *id.* at 1950. The Court explained that, if this conclusory allegation were afforded a presumption of truth, the Twombly plaintiffs "would have stated a claim for relief and been entitled to proceed perforce." *Id.*
>
> The second prong of the approach endorsed by the Iqbal Court requires a reviewing court to **accept the remaining factual allegations in the complaint as true and to evaluate whether, taken as a whole, they state a facially plausible legal claim**. See *id.* According to the Court, "[**a**] **claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**." *Id.* at 1949. Echoing Twombly's conclusion that the allegation of parallel conduct was "just as much in line" with innocent conduct as with conspiracy, 550 U.S. at 554, the Iqbal Court reiterated that **a complaint may not stand simply on the "sheer possibility" that a defendant acted unlawfully or on facts that are merely consistent with a defendant's liability**. See 129 S. Ct. at 1949. It cautioned, however, that evaluating the plausibility of a legal claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Ocasio-Hernández v. Fortuño, 640 F. 3d 1, 10-11 (CA1 2011).

    8.    Moreover, in summarizing the current standard for dismissal, the First Circuit declared the following:

> Dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). See Iqbal, 129 S.Ct. at 1949; Twombly 550 U.S. at 555, 127 S.Ct. 1955. A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (citing Conley, 355 U.S. at 47, 78 S.Ct. 99); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). However, in order

-3-

to "show" an entitlement to relief a complaint must contain enough factual material to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). **Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief**. In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim.

In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action. **A plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action**. Sanchez v. Pereira–Castillo, 590 F.3d 31, 49 (1st Cir.2009) (disregarding as conclusory, under Iqbal 's first prong, a factual allegation that merely "[p]arrot[ed] our standard for supervisory liability in the context of Section 1983" in alleging that defendants had "failed to [supervise] with deliberate indifference and/or reckless disregard of Plaintiff's federally protected rights"). Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible. Iqbal, 129 S.Ct. at 1951 ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). But cf. Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir.2011) **("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual**.") (internal quotation marks omitted). If that factual content, so taken, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. The make-or-break standard is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.

(Some internal citations omitted.) (Emphasis ours.) Ocasio-Hernández v. Fortuño-Burset, 640 F. 3d 1, 11-12 (CA1 2011).

### III.    DISCUSSION

a.  <u>The Complaint is barred by the Doctrine of Res Judicata</u>

9.      On May 28, 2019, the Plaintiff filed a judicial claim against the appearing defendants before the Puerto Rico Court of First Instance, Utuado Part, claiming due process violations as well as violations to UPR Regulations in connection with the same administrative process at issue in this case.  Said case was dismissed with prejudice by judgment dated June 28, 2019, of which the UPR requests this Honorable Court to take judicial notice.  In said Judgment,

the Court of First Instance determined that Dr. Arana had not exhausted the corresponding administrative remedies in relation to the formal administrative proceeding pending against him.

10. The doctrine of res judicata bars a party from re-litigating the same issue or claim that was adjudicated in a prior case. A federal district court with concurrent jurisdiction over a similar set of facts involving the same parties in a state court proceeding is generally barred from adjudicating the same claims when the sate court has entered a prior judgment. Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 4404 (1981). Cestero v. Rosa, 198 F. Supp. 2d 73, 84 (D. Puerto Rico 2002).

11. Therefore, inasmuch as the Judgment of the Utuado Superior Court has preclusive effects in the courts of Puerto Rico then this Honorable Court must also give preclusive effect to said judgment and dismiss this case accordingly. Futura Development Corp. v. Centex Corp., 761 F.2d 33 (1st Cir.1985).

b. The Complaint Fails to State a Valid Federal Claim

12. Plaintiff's sole federal claim is based on an alleged violation of due process of law under the Fourteenth Amendment of the Constitution of the United States. Dr. Arana claims that the ongoing disciplinary process against him violates his due process rights inasmuch as he claims that the UPR has failed to follow its established procedures and regulations. **However, inasmuch as Dr. Arana has not been terminated from his employment, and in fact is currently on a temporary suspension with pay, his claim does not entail a loss of a property interest**.

13. "Constitutional procedural due process protects only those aspects of public employment recognized as property interests." Torres Rosado v. Rotger-Sabat, 335 F.3d 1, 17 (1st Cir. 2003) Citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985).

14. It is well settled law that temporary suspensions without pay do not trigger constitutional due process requirements. Torres Rosado, supra at. 19; Gilbert v. Homar, 520 U.S.

924, 929-30, 138 L. Ed. 2d 120, <u>Laudermill</u> supra at 544-45.

15.     Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint will be dismissed for "failure to state a claim upon which relief can be granted." "So, when the allegations in a complaint, however true, fall short of a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (Citations omitted). <u>Bell Atlantic Corporation, et al. v. Twombly, et al.</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

16.     Inasmuch as the Complaint fails to state a claim that Dr. Arana was terminated from his employment or was otherwise been deprived of a recognized property interest, his sole federal claim should be dismissed pursuant to rule Fed.R.Civ P. 12(b)(6).

    c.     <u>Plaintiff' has failed to Exhaust Administrative Remedies</u>

17.     Federal Courts generally abstain from interfering in ongoing administrative proceedings. In <u>Esso Standard Oil Co. v. López-Freytes, et al.</u>, 522 F.3d 136, 143 (1st Cir. 2008), the First Circuit generally outlined the rule of abstention as follows:

> In the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Although initially applied to state criminal actions, the abstention doctrine has been extended to other proceedings that implicate important state interests, including the state level, quasi-judicial, administrative proceeding at issue here. See Maymó-Meléndez v. Alvarez-Ramírez, 364 F.3d 27, 31 n. 3 (1st Cir.2004) (enumerating the various applications of the Younger doctrine). Generally, insofar as the state proceedings evince "no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Middlesex Co. Ethics Comm., 457 U.S. at 435. Extraordinary circumstances include those situations in which "core constitutional values are threatened during an ongoing state proceeding and there is a showing of irreparable harm that is both great and immediate." Maymó-Meléndez, 364 F.3d at 37 (internal quotation marks omitted). Among those extraordinary circumstances are cases in which extreme bias completely renders a state adjudicator incompetent and inflicts irreparable harm upon the petitioner. Gibson v. Berryhill, 411 U.S. 564, 577, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973).

18.     The Complaint in the present case recognizes the fact that there is an ongoing administrative process related to the disciplinary charges filed against Dr. Arana.

19.     Since the Complaint is devoid of factual allegations which would justify foregoing the abstention rule this Honorable Court should allow the administrative process to run its course and should dismiss the case accordingly.

### IV.     CONCLUSION

20.     Based on the allegations in the Complaint, Plaintiff lacks a federal cause of action for alleged due process violations under the Fourteenth Amendment.  On the other hand, Dr. Arana file a judicial case before the Utuado Superior Court based on the same allegations and should be bound by the judgment entered by the Utuado Court.  Finally, this Honorable Court should abstain from entertaining this case based on the abstention doctrine and exhaustion of administrative remedies doctrines

**WHEREFORE** it is very respectfully requested that this Honorable Court to dismiss the Complaint with prejudice.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this September 26, 2019.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.  We also certify having sent a copy of this motion to Plaintiff's mailing address HC-01 Box 2209, Morovis, PR 00687.

**NOLLA, PALOU & CASELLAS, LLC**
*Attorneys for co-defendants UPR and Dr. Luis Tapia Maldonado*
PO Box 195287
San Juan, PR 00919-5287
Tel. 787-625-6535

Fax. 787-625-6530

**s/Juan M. Casellas-Rodríguez**
**Juan M. Casellas-Rodríguez**
USDC-PR No. 216701
jmc@npclawyers.com