# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. LUIS S ARANA SANTIAGO<br><br>**Plaintiff,**<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO EN UTUADO and DR. LUIS TAPIA MALDONADO, in his oficial capacity<br><br>**Defendants.** | CIVIL NO. 19-1762(RAM) |

## OPINION & ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

### I. BACKGROUND

Currently pending before the Court is the *Motion Asking Recusal of Presiding Judge Raul M. Arias* filed by Dr. Luis S. Arana-Santiago ("Dr. Arana" or "Plaintiff") on November 12, 2019. (Docket No. 23). In this *Motion*, Plaintiff seeks the recusal of the undersigned pursuant to 28 U.S.C.A. § 455 for having represented the co-defendant University of Puerto Rico in litigation unrelated to the case at bar. (Docket No. 30 ¶ 8).

For the reasons set out below, the Court finds that there is no ground for recusal and hereby **DENIES** Plaintiff's Motion Asking Recusal at Docket No. 23.

### II. APPLICABLE LAW AND ANALYSIS

By law, judges are obligated to disqualify themselves from

any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). This District has held that the standard for recusal codified in § 455(a) "does not depend on a showing of actual bias, but instead requires that there be no reasonable question, in any informed person's mind, as to the impartiality of the judge." United States v. Vazquez-Botet, 453 F. Supp. 2d 362, 371 (D.P.R. 2006) (internal quotations omitted).

This is not a lax standard. "A judge should be disqualified **only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute**." Liteky v. United States, 510 U.S. 540, 557–58 (1994) (emphasis added). Moreover, "**judges are not to recuse themselves lightly** under § 455(a)," in part because "the unnecessary transfer of a case from one judge to another is inherently inefficient and delays the administration of justice." United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000) (emphasis added).

There is no specific statute containing a blanket provision requiring federal judges to recuse themselves from hearing cases involving former clients. *See* In re Syntax-Brillian Corp., 400 B.R. 21, 26 (Bankr. D. Del. 2009). Therefore, "the prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal." Nat'l Auto Brokers Corp. v. Gen. Motors Corp.,

572 F.2d 953, 958 (2d Cir. 1978) (collecting cases).

On the contrary, "it is widely accepted that judges will often be asked to hear cases involving former clients, and that such an arrangement is not problematic **unless the prior representation is related to the matter pending before the judge**." In re Syntax-Brillian Corp., 400 B.R. at 26 (emphasis added). *See also* Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1166 (5th Cir.1982) (holding that a judge's prior representation of a company "does not forever prevent him from sitting in a case in which [said company] is a party").

Even when the matter is unrelated, when tasked with determining whether recusal is proper in cases involving a judge's former client, courts have considered factors such as "the length of time since the earlier representation ended; the nature, duration, and intensity of the earlier representation; the presence or absence of ongoing personal relationships; etc." Citizens For a Better Env't v. Coleman Cable Sys., Inc., 1998 WL 164816, at *1 (N.D. Ill. 1998) (quotations omitted). *See also* United States v. Lawson, 2007 WL 62854, at *2 (M.D. Ala. 2007). Accordingly, the Seventh Circuit has held that a "one year's gap between the rendition of advice to a client and judicial service in a case involving that entity is sufficient, provided the cases are sufficiently distinct." Ball Memorial Hosp., Inc. v. Mutual Hosp. Ins., Inc., 788 F.2d 1223, 1224 (7th Cir. 1986).

The undersigned represented the University of Puerto Rico from approximately May 2010 through April 2014. Therefore, the representation ceased **five (5) years ago**. Said representation was limited to matters arising from student unrest. The undersigned did not litigate or provide legal counsel as to any labor or employment matters, much less any matter related to Plaintiff's specific employment. Furthermore, the University's senior officials, including the President and the Utuado campus' chancellor, have changed, more than once, since the undersigned's representation of the University concluded.[1] Thus, the undersigned does not have a professional or personal relationship with the University's administrators.

The matters litigated by the undersigned while representing the University of Puerto Rico are wholly unrelated to Dr. Arana's claims currently pending before the Court. Therefore, automatic recusal is inapplicable. This, in addition with the fact that the representation concluded at least five (5) years ago, leads the Court to conclude that recusal is unnecessary.

### III. CONCLUSION

In light of the above, Plaintiff did not present facts that demonstrate any circumstance that merits recusal pursuant to 28

---

[1] *See* http://www.uprutuado.edu/sites/default/files/documents/senado-academico/certificaciones/2016-17/CERT-NUM-01-2016-17-SA.pdf; https://www.upr.edu/nombramiento-de-rector-interino-del-recinto-de-utuado/. (Last visited on November 15, 2019).

USC § 455(a). The Court hereby **DENIES** Plaintiff's *Motion Asking for Recusal of Presiding Judge Raul M. Arias* at Docket No. 23.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 15th day of November 2019.

    S/ RAÚL M. ARIAS-MARXUACH
    United States District Judge