**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DR. LUIS S ARANA-SANTIAGO<br><br>**Plaintiff,**<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO EN UTUADO and DR. LUIS TAPIA-MALDONADO, in his oficial capacity,<br><br>**Defendants.** | **CIVIL NO.** 19-1762(RAM) |

## OPINION & ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Currently pending before the Court is the University of Puerto Rico, Utuado campus and Dr. Luis Tapia-Maldonado's ("Defendants") Motion to Dismiss. (Docket No. 15). Also pending before the Court are plaintiff Dr. Luis S. Arana-Santiago's ("Dr. Arana" or "Plaintiff") *Motion for Temporary Restriction Order* (Docket No. 21), *Motion in Support of Temporary Restraining Order* (Docket No. 22), and *Second Motion in Support of Temporary Restraining Order* (Docket No. 24). For the reasons discussed below, Plaintiff's requests for injunctive relief and a temporary restraining order at Docket Nos. 21, 22 and 24 are **DENIED**, and the case is **DISMISSED without prejudice** pursuant to the Younger abstention doctrine.

### I. BACKGROUND

On August 7, 2019, Plaintiff filed a *Complaint and Request*

*for Injunctive Relief* alleging that a sexual harassment complaint was filed against him and that the subsequent investigation of said complaint violated university regulations and his right to due process. (Docket No. 1 ¶ 1). Therefore, Plaintiff requests that the Court order Defendants to cease the administrative proceedings against him. (Docket No. 1 at 11).

Defendants filed a *Motion to Dismiss* on September 26, 2019 in which they presented three arguments for why the *Complaint* should be dismissed. (Docket No. 15). First, Defendants claim that the case is barred by the doctrine of *res judicata* because Plaintiff presented a complaint in the Puerto Rico Court of First Instance, which was dismissed for failure to exhaust administrative remedies, with analogous causes of action related to the same administrative proceeding in controversy in this case. (Docket No. 15 ¶¶ 9-11). Second, Defendants argue that the Complaint fails to state a valid federal claim for violations to his due process rights because no property interest is currently being affected. Id. ¶¶ 12-16. Lastly, Defendants contend that Plaintiff has not exhausted administrative remedies and therefore, the Court should abstain from interfering in ongoing administrative proceedings. Id. ¶¶ 17-19. On October 11, 2019, Plaintiff filed a *Motion Not to Dismiss the Complaint* in response. (Docket No. 19).

Subsequently, Plaintiff filed the following motions: *Motion for Temporary Restriction Order* (Docket No. 21), *Motion in Support*

*of Temporary Restraining Order* (Docket No. 22), and *Second Motion in Support of Temporary Restraining Order* (Docket No. 24). In these motions, Plaintiff reiterates his request for a temporary restraining order ("TRO") instructing Defendants to cease the administrative procedure set in motion after a student filed a sexual harassment complaint against him. (Docket No. 21 ¶ 1; 24 ¶ 13).

To support this request, Plaintiff proffers that: (1) the hearing officer in the administrate procedure has demonstrated bias against him but has not recused himself (Docket Nos. 21 ¶ 9, 22 ¶ 19-21; 24 ¶ 4); (2) that his due process is being violated because he has not been able to confront and question his accuser at the hearing (Docket No. 21 ¶ 7, 13, 18), and (3) that university administrators favorably altered the grades of students who testified against Plaintiff in the administrative proceeding (Docket No. 24 ¶ 6).

## II. APPLICABLE LAW AND ANALYSIS

### A. The Younger Abstention Doctrine applies to the ongoing administrative proceeding involving Dr. Arana:

In Younger v. Harris, the Supreme Court first ruled that federal courts should abstain from intervening in ongoing state criminal proceedings. *See* Younger v. Harris, 401 U.S. 37 (1971). Subsequently, this abstention doctrine has been extended and applied by the First Circuit to *noncriminal* judicial proceedings

including "coercive civil cases involving the state [and] comparable state administrative proceedings that are quasi-judicial in character and implicate important state interests." Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 31 (1st Cir. 2004). *See also* Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 518 (1st Cir. 2008) ("[T]he policies underlying Younger are fully applicable to *noncriminal* judicial proceedings when important state interests are involved.").

Federal courts generally apply the Younger abstention doctrine to state administrative proceedings, such as the one currently before the Court, when the following three conditions are met: "(1) the proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." Molinelli-Freytes v. Univ. of Puerto Rico, 2011 WL 13209627, at *6 (D.P.R. 2011) (quoting Maymo-Melendez, 364 F.3d at 31).

First, in order for the state proceeding to be considered judicial and warrant abstention, "the proceeding 'must be coercive, and in most-cases, state-initiated.'" Casiano-Montanez v. State Ins. Fund Corp., 707 F.3d 124, 128 (1st Cir. 2013) (quoting Guillemard–Ginorio v. Contreras-Gómez, 585 F.3d at). Currently, Dr. Arana is the subject of an ongoing, involuntary administrative proceeding that was initiated by the University of

Puerto Rico, Utuado campus. Therefore, the pending state proceeding in controversy complies with the first prong of the analysis as described in Molinelli-Freytes.

Second, "[p]roceedings necessary for the vindication of important state policies […] evidence the state's substantial interest in the litigation." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432(1982). Another judge in this District previously determined that Younger abstention was warranted because of the "state's great interest in education including edication [sic] through universities of higher learning, such as UPR, and all natural corollaries therefrom." Molinelli-Freytes, 2011 WL 13209627, at *7. The administrative proceeding in the case at bar revolves around a sexual harassment complaint filed by a student against Dr. Arana, a professor at the University of Puerto Rico, Utuado campus. The performance and conduct of professors at the University of Puerto Rico must necessarily be considered "natural corollaries" to the state's "great interest" in providing higher education. Thus, the administrative proceeding implicates an important state interest which warrants the application of the Younger doctrine in this case.

Third, federal courts are "obliged to presume that state courts are fully capable of safeguarding federal constitutional rights," including the right to due process. Coggeshall v. Massachusetts Board of Reg. of Psych., 604 F.3d 658, 665 (1st Cir.

2010) (internal quotation omitted). *See also* <u>Molinelli-Freytes</u>, 2011 WL 13209627, at *7; <u>Middlesex Cty. Ethics Comm.</u>, 457 U.S. at 431 ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights."). The most recent motion filed by Plaintiff on November 12, 2019 indicates that the administrative proceeding involving Dr. Arana is ongoing and there is no indication that any final determination has been issued. (Docket No. 24). Plaintiff has not alleged that he would be precluded from raising constitutional objections upon appeal if he were to take issue with the eventual determination. *See e.g.* <u>Esso Standard Oil Co. v. Cotto</u>, 389 F.3d 212, 217 (1st Cir. 2004) (<u>Esso I</u>). Therefore, the Court must find Plaintiff will have an adequate opportunity to raise federal constitutional challenges in a state appellate court if need be.

In light of the above, the <u>Younger</u> abstention doctrine applies to the present case.

**B. Dr. Arana has not shown the existence of extraordinary circumstances that warrant this Court's intervention:**

The Court notes that even when <u>Younger</u> technically applies, "extraordinary circumstances that would make abstention inappropriate" can exist. <u>Esso Standard Oil Co. v. Lopez-Freytes</u>, 522 F.3d 136, 143 (1st Cir. 2008) ("<u>Esso II</u>"). "Extraordinary circumstances include those situations in which 'core

constitutional values are threatened during an ongoing state proceeding and there is a sowing of irreparable harm that is both great and immediate'". Id. (quoting Maymo-Melendez, 364 F.3d at 37). For example, federal courts have interfered in ongoing state proceedings when: "plaintiff faces irreparable harm in the absence of injunctive relief upon the unavailability of state courts to provide interlocutory relief" or when a "state court is acting beyond the lawful limits of its authority." Cuevas-Rullan v. Ocasio-Garcia, 2012 WL 12995635, at *8 (D.P.R. 2012) (internal citations omitted). Likewise, the First Circuit has recognized that intervention can be proper in cases where "extreme bias completely renders a state adjudicator incompetent and inflicts irreparable harm upon the petitioner." Esso II, 522 F.3d at 143. When determining whether *extreme* bias exists, courts are "mainly concerned with 'structural bias,' as opposed to extreme personal bias." Rodriguez v. Vila, 565 F. Supp. 2d 328, 339 (D.P.R. 2008). In this context, structural bias refers to the inherent nature of the administrative proceedings, including the incentives and pressures faced by the examiners during said proceedings, regardless of their personal identity. Esso II, 522 F. 3d at 147. Dr. Arana has not alleged structural bias, or even extreme personal bias on behalf of the examining officer. Instead, Dr. Arana appears to be dissatisfied with the examiner's refusal to dismiss the administrative complaint outright. (Docket No. 1 ¶ 16).

Regardless of the nature of the "extreme circumstance," the petitioner is required to show that it would cause them "**irreparable harm that is 'great and immediate**.'" Id. (quoting Maymó-Meléndez, 364 F.3d at 37) (emphasis added). By analogy, the Court will use the irreparable harm standard required for injunctive relief. Therefore, the irreparable harm cannot be "remote or speculative" nor "capable of being fully remedied by money damages." National Association for Advancement of Colored People, Inc. (NAACP) v. Town of East Haven, 70 F.3d 219, 224 (2d Cir. 1995).

In Sampson v. Murray, the Supreme Court established that the "temporary loss of income, ultimately to be recovered" caused by termination from employment "does not usually constitute irreparable injury." Sampson v. Murray, 415 U.S. 61, 90 (1974). Likewise, the Sampson Court found that the "embarrassment of being wrongfully discharged" does not suffice to establish irreparable harm. Id. at 66 and 89-92. *See also* Gately v. Com. of Mass., 2 F.3d 1221, 1230 (1st Cir. 1993).

In his *Complaint*, Dr. Arana argues that he faces irreparable harm because (1) he "could be released from his job temporarily or [be] permanently terminated;" (2) "[i]f [he] is terminated, he will not be contributing to his social security retirement plan;" (3) his reputation would be harmed and he would be subjected to shame and humiliation "if terminated based on a sexual harassment

accusation;" and (4) the appeals process takes too long. (Docket No. 1 at 11-13).

Although Plaintiff might suffer injuries to his income, retirement fund and reputation, **if** he were wrongfully terminated from employment, pursuant to the Supreme Court's ruling in Sampson, neither of these injuries could be deemed as irreparable. Likewise, the duration of the appellate procedure on its own does not constitute irreparable harm. In the absence of **immediate and irreparable** injury, the Court cannot intervene in the ongoing administrative proceeding.

### III. CONCLUSION

"Under our federalist system, 'the balance of power between federal and state courts is delicate, and federal courts must tread with care whenever they are asked to intervene in pending state actions.'" Rivera-Schatz v. Rodriguez, 310 F. Supp. 2d 405, 409 (D.P.R. 2004) (quoting Smith v. Gribetz, 887 F.Supp. 583, 586 (S.D.N.Y. 1995)). The Court abstains under the Younger abstention doctrine and **DISMISSES without prejudice** Dr. Arana's *Complaint* (Docket No. 1). Plaintiff's *Motion for Temporary Restriction Order* (Docket No. 21), *Motion in Support of Temporary Restraining Order* (Docket No. 22), and *Second Motion in Support of Temporary Restraining Order* (Docket No. 24) are **DENIED**. Judgment shall be issued accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 25th day of November 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge